___



SO ORDERED,

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: May 14, 2018

The Order of the Court is set forth below. The docket reflects the date entered.
___

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| ALABAMA-MISSISSIPPI FARM, INC., | CASE NO. 16-01156-NPO |
| DEBTOR. | CHAPTER 7 |
| REACH, INC. | PLAINTIFF |
| VS. | ADV. PROC. NO. 17-00038-NPO |
| STEPHEN SMITH, TRUSTEE, FOR THE ESTATE OF ALABAMA-MISSISSIPPI FARM, INC. | DEFENDANT |

### MEMORANDUM OPINION AND ORDER
### ON COMPLAINT TO STAY SALE OF REAL PROPERTY

This matter came before the Court for trial on February 9, 2018 (the "Trial"), on the Complaint to Stay Sale of Real Property (the "Complaint") (Adv. Dkt. 1)[1] filed by Reach, Inc. ("Reach") and the Answer and Defenses of Stephen Smith, Trustee, for the Bankruptcy Estate of Alabama-Mississippi Farm, Inc. (the "Answer") (Adv. Dkt. 6) filed by the trustee, Stephen Smith (the "Trustee"), in the Adversary. The Pretrial Order (Adv. Dkt. 16) was entered on January 30, 2018. At Trial, Henry L. Penick ("Penick") and Jerald D. Crawford represented Reach, and Jim

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above-styled adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. __)"; and (2) citations to docket entries in the above-styled bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. __)".

F. Spencer, Jr. and Eileen N. Shaffer represented the Trustee. During Trial, Reach introduced into evidence four (4) exhibits, and the Trustee introduced into evidence seventeen (17) exhibits.[2] Reach presented the testimony of one (1) witness: Linda Wilson, the secretary of Reach.[3] The issues in the Adversary are: (1) whether the sale of "321-1/2 Acres, SW-1/4 of NW-1/4 of Section 3, Township 6 North, Range 12 East: Commonly known as Decatur Farm located in Newton County, Mississippi" (the "Newton County Property") (Reach Ex. 2) should be stayed until the Court determines whether the Newton County Property is property of Alabama-Mississippi Farm, Inc. (the "Debtor")'s estate; and (2) whether Reach has a security interest in the Newton County Property. At the close of Reach's case-in-chief, the Trustee moved for "judgment as a matter of law." Because there was no jury, the Court treated the Trustee's motion as a motion for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure ("Rule 52(c)"), as made applicable to adversary proceedings by Rule 7052 of the Federal Rules of Bankruptcy Procedure.[4] The Court ruled from the bench, granting the Trustee a judgment on partial findings for the reasons set forth below.[5]

---

[2] Hereinafter, exhibits introduced into evidence at Trial by Reach are cited as "(Reach Ex. __)", and exhibits introduced into evidence at Trial by the Trustee are cited as "(Trustee Ex. __)".

[3] Test. of Linda Wilson at 11:15:45 – 11:16:18. The Trial was not transcribed. References to the argument and testimony presented at Trial are cited by the timestamp of the audio recording.

[4] *See* FED. R. CIV. P. 52(c) ("If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."); *see also Soisson v. Hillebrandt (In re Hillebrandt)*, Adv. Proc. 10-00068-NPO, 2011 WL 2447738, at *8 (Bankr. S.D. Miss. June 15, 2011).

[5] Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, as made applicable to the Adversary by Rule 7052 of the Federal Rules of Bankruptcy Procedure, the following constitutes the findings of fact and conclusions of law of the Court.

**Jurisdiction**

This Court has jurisdiction over the parties to and the subject matter of this Adversary pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K), (N) and (O). Notice of the Trial was proper under the circumstances.

**Facts**

1. On March 31, 2016, the Debtor filed a petition for relief under chapter 11 of the Code. (Bankr. Dkt. 1).

2. On April 14, 2016, the Debtor filed Official Form 206A/B, asserting an ownership interest in the Newton County Property. (Bankr. Dkt. 21). Additionally, on Official Form 206E/F, the Debtor listed Reach as an unsecured creditor. (*Id.*)

3. On June 29, 2016, the Court converted the Bankruptcy Case to chapter 7 (Bankr. Dkt. 57), and the Trustee was appointed to administer the bankruptcy estate.

4. On January 25, 2017, the Trustee filed the Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear of Liens and Auctioneer's Fees and Expenses (the "Sale Motion") (Bankr. Dkt. 105), requesting permission to auction and sell the Newton County Property. Reach did not file a timely objection to the Sale Motion.

5. On March 16, 2017, the Court entered the Agreed Order Approving Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear of Liens and Auctioneer's Commission and Expenses (the "Sale Order") (Bankr. Dkt. 119), approving the auction and sale of the Newton County Property free and clear of liens.

6. On April 4, 2017, the Trustee filed the Notice of Sale, notifying all creditors and parties in interest of the Newton County Property's auction scheduled for May 19, 2017 in Newton, Mississippi. (Bankr. Dkt. 124).

7. On May 11, 2017, Reach filed a proof of claim in the Bankruptcy Case asserting a secured claim in the amount of $1,000,000.00 and an unsecured claim in the amount of $1,356,000.00 (the "Reach POC") (Bankr. Cl. 3-1).

8. On May 15, 2017, the Trustee filed the Objection to Proof of Claim No. 3 Filed by Reach, Inc. (Bankr. Dkt. 127).

9. On May 18, 2017, the day before the scheduled sale, Reach filed the Reach, Inc.'s Objection to Auction of Real Property (the "Objection to Sale Motion") (Bankr. Dkt. 130), suggesting that the Newton County Property is not property of the Debtor's estate and requesting that the Court enjoin[6] the auction and sale of the Newton County Property until it resolves the dispute.

10. On May 19, 2017, the Trustee sold at auction the Newton County Property. Accordingly, on May 23, 2017, the Trustee filed the Motion for Confirmation of Sale and Approval to Pay Auctioneer's Fees and Expenses (the "Motion for Confirmation of Sale") (Bankr. Dkt. 134).

11. On May 23, 2017, the Trustee filed the Amended Objection to Proof of Claim No. 3 Filed by Reach, Inc. (the "Trustee's Objection to Reach's POC") (Bankr. Dkt. 136).

12. That same day, the Court issued to Penick the Order to Show Cause (Bankr. Dkt. 137). On May 24, 2017, the Court issued to Penick the Amended Order to Show Cause (Bankr. Dkt. 138) for his failure to comply with the Federal Rules of Bankruptcy Procedure and the Uniform Local Rules of the U.S. Bankruptcy Courts for the Northern and Southern Districts of Mississippi regarding *pro hac vice* admission.

---

[6] Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, a request "to obtain an injunction or other equitable relief" should be filed as an adversary proceeding and not as a contested matter. FED. R. BANKR. P. 7001(7).

13. On June 13, 2017, Reach filed the Complaint in the Adversary, seeking the same relief it sought in its late-filed Objection to Sale Motion in the Bankruptcy Case. (Adv. Dkt. 1).[7]

14. On June 22, 2017, the Court entered the Order Approving Motion for Confirmation of Sale and Approval to Pay Auctioneer's Fees and Expenses (the "Order Approving Motion for Confirmation of Sale") (Bankr. Dkt. 154).

15. On July 5, 2017, the Court entered the Order Regarding Trustee's Amended Objection to Proof of Claim No. 3 Filed by Reach, Inc. (the "Order on Trustee's Objection to Reach's POC") (Bankr. Dkt. 158).

16. On July 10, 2017, the Trustee filed the Answer in the Adversary, asserting that the Complaint "should be dismissed on the basis of prior [C]ourt orders approving and confirming the sale of the [Newton County Property] free and clear of all liens to which no objection was timely filed by [Reach]." (Adv. Dkt. 6).

17. On July 13, 2017, Reach filed the Notice of Appeal (the "Notice of Appeal") to the United States District Court for the Southern District of Mississippi (the "District Court") with respect only to the Order Approving Motion for Confirmation of Sale. (Bankr. Dkt. 162).

18. On July 19, 2017, Penick filed the Response to Order to Show Cause (Bankr. Dkt. 171).

19. On July 28, 2017, the Court issued the Order Resolving Amended Order to Show Cause and Striking Reach, Inc.'s Objection to Auction of Real Property (Bankr. Dkt. 176), striking the Objection to Sale Motion from the Bankruptcy Case as untimely.

---

[7] Rule 65 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings under Rule 7065 of the Federal Rules of Bankruptcy Procedure. While Reach eventually requested injunctive relief in an adversary proceeding, it did not seek expedited relief by filing a preliminary injunction or temporary restraining order.

20. On August 3, 2017, the Trustee filed the Auctioneer's Report of Sale (Bankr. Dkt. 178).

21. On October 23, 2017, Reach filed Reach's Amended Notice of Appeal (the "Amended Notice of Appeal"), alleging that its Notice of Appeal "appeals the [Order on Trustee's Objection to Reach's POC] (Dkt. #158) entered on July 05, 2017, to the [District Court]" and is not an appeal of the Court's Order Approving Motion for Confirmation of Sale. (Bankr. Dkt. 188).

22. On December 21, 2017, the District Court issued the Memorandum Opinion and Order Granting Appellee Alabama-Mississippi Farm, Inc.'s Motion [2] to Dismiss Appeal (the "Order Dismissing Appeal"), holding that it lacks jurisdiction to hear Reach's untimely appeal of the Order Approving Motion for Confirmation of Sale and Reach's purported appeal of the Order on Trustee's Objection to Reach's POC. (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 7; Bankr. Dkt. 210).

## Discussion

**A. The auction and sale of the Newton County Property has concluded and, therefore, no injunctive relief can be granted.**

At the Trial and in its Complaint, Reach requested that the Court enjoin the auction and sale of the Newton County Property until the Court determines whether the Newton County Property is part of the Debtor's estate. Reach alleges that the Debtor does not own the Newton County Property because "Alabama-Mississippi Farm," not "Alabama-Mississippi Farm, Inc.,"

holds title to the Newton County Property.[8] (Adv. Dkt. 1). In its Complaint, however, Reach acknowledges that the Trustee filed the Sale Motion on January 25, 2017 (Bankr. Dkt. 105), the Court entered the Sale Order on March 16, 2017 (Bankr. Dkt. 119), and the Newton County Property was auctioned on May 19, 2017. (Adv. Dkt. 1).

On January 25, 2017, counsel for the Trustee sent to Reach the Notice of Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear of Liens and Auctioneer's Fees and Expenses (the "Sale Notice") (Bankr. Dkt. 106), but Reach did not file a written objection or responsive pleading to the Sale Motion within twenty-one (21) days from the date of the Sale Notice. Instead, on May 18, 2017, one day before the scheduled auction of the Newton County Property, Reach filed the Objection to the Sale Motion. (Bankr. Dkt. 130). On May 23, 2017, the Trustee filed the Motion for Confirmation of Sale (Bankr. Dkt. 134). That same day, counsel for the Trustee sent to Reach the Notice of Motion for Confirmation of Sale and Approval to Pay Auctioneer's Fees and Expenses (the "Confirmation of Sale Notice") (Bankr. Dkt. 135), but Reach did not file a written objection or responsive pleading to the Motion for Confirmation of Sale within twenty-one (21) days from the date of the Confirmation of Sale Notice. Accordingly, on June 22, 2017, the Court entered the Order Approving Motion for Confirmation of Sale. (Bankr. Dkt. 154). Pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days

---

[8] While the Quitclaim Deed conveys the Newton County Property from the United States of America acting through the Farmers Home Administration to Alabama-Mississippi Farm (Reach Ex. 4), the Debtor, and not Alabama-Mississippi Farm, should have been listed as the grantee. On July 28, 2017, the Chancery Clerk of Newton County, Mississippi filed and recorded the Affidavit of Scrivener's Error (the "Affidavit") in the land records of Newton County, Mississippi to reflect the Debtor as the rightful grantee. (Trustee Ex. 16). Pursuant to § 89-5-8(2) of the Mississippi Code, the Affidavit serves as "notice to all persons of the correction of the error." (*Id.*) Thus, Reach's allegation that the Debtor was not the owner of the Newton County Property is moot.

after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). Further, "[a] bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from . . . authorizes the sale or lease of property or the use of cash collateral under § 363 of the Code." FED. R. BANKR. P. 8002(d)(2)(B). Once again, Reach did not appeal timely the Order Approving Motion for Confirmation of Sale. Instead, on July 13, 2017, twenty-one (21) days after the entry of the Order Approving Motion for Confirmation of Sale, Reach filed the Notice of Appeal to the District Court. (Bankr. Dkt. 162).

In response to the Notice of Appeal (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 1), the Trustee filed the Motion to Dismiss Appeal (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 2), asserting that the District Court lacked jurisdiction to hear the appeal because Reach did not file timely the Notice of Appeal with respect to the Order Approving Motion for Confirmation of Sale. Subsequently, Reach filed the Appellant's Opposition to Trustee's Motion to Dismiss Appeal, asserting that "[t]he Notice of Appeal referenced the [Order Approving Motion for Confirmation of Sale], while, in fact it should have referenced the [Order on Trustee's Objection to Reach's POC], since it was from the [Order on Trustee's Objection to Reach's POC] that Reach was aggrieved by the denial of its secured claim." (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 5). In other words, Reach argued that its appeal to the District Court was filed timely because only eight (8) days had passed from the date of the Court's issuance of the Order on Trustee's Objection to Reach's POC. That same day, Reach filed the Amended Notice of Appeal in the Bankruptcy Case to show that it intended to appeal the Order on Trustee's Objection to Reach's POC and not the Order Approving Motion for Confirmation of Sale. (Bankr. Dkt. 188). In the Reply of Trustee in Support of Motion to Dismiss Appeal, the Trustee asserted that the Notice of Appeal's plain language and accompanying documents demonstrate that Reach intended to appeal the Order

Approving Motion for Confirmation of Sale and not the Order on Trustee's Objection to Reach's POC, that the record on appeal includes the Order Approving Motion for Confirmation of Sale, and that the Amended Notice of Appeal "is an appeal of a distinct order that is untimely and, thus, barred." (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 6). On December 21, 2017, the District Court issued the Order Dismissing Appeal, holding that it lacks jurisdiction to hear Reach's appeal of the Order Approving Motion for Confirmation of Sale and Reach's purported appeal of the Order on Trustee's Objection to Reach's POC. (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 7). The District Court did not find persuasive Reach's argument that it mistakenly appealed the Order Approving Motion for Confirmation of Sale. Indeed, "Reach's own words in its Notice of Appeal . . . state[] as grounds for the appeal that 'the property approved for the sale in said [O]rder is not property of the estate.'" (*Id.*)

Accordingly, the Court finds that the Order Approving Motion for Confirmation of Sale and the Order on Trustee's Objection to Reach's POC are final and non-appealable orders. *See Dorsey v. U.S. Dep't. of Educ. (In re Dorsey)*, 870 F.3d 359, 362 (5th Cir. 2017) ("The failure to file a timely notice of appeal in a bankruptcy case deprives both the district court and [the Fifth Circuit Court of Appeals] of jurisdiction."). Reach may not receive another "bite at the apple" simply because it failed to file written objections or other responsive pleadings in a timely manner and failed to comply with Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure. To the extent that Reach asks the Court for injunctive relief with respect to the auction and sale of the Newton County Property, the Court cannot enjoin a sale that already has occurred. Thus, the Court concluded at Trial that the Trustee is entitled to a judgment on partial findings pursuant to Rule 52(c) that Reach is not entitled to injunctive relief.

**B.      Reach does not have a security interest in the Newton County Property.**

On March 31, 2016, the Debtor filed a petition for relief under chapter 11 of the Code. (Bankr. Dkt. 1). On April 19, 2016, counsel for the Debtor sent to Reach the Notice to Each Added Creditor & U.S. Trustee (Bankr. Dkt. 26), notifying Reach that the Debtor listed it as a creditor and that Reach must file a proof of claim in the Bankruptcy Case on or before July 29, 2016. On June 29, 2016, the Court converted the Bankruptcy Case to chapter 7 (Bankr. Dkt. 57), and the Trustee was appointed to administer the bankruptcy estate. Creditors were notified that they must file proofs of claim in the Bankruptcy Case on or before November 5, 2016. (Bankr. Dkt. 69). On May 3, 2017, and after the commencement of the Bankruptcy Case, Reach recorded in the Chancery Court of Newton County, Mississippi the Loan Agreement (Reach Ex. 2) allegedly made between Reach and the Debtor on June 12, 1992, in which Reach agreed to loan the Debtor $950,000.00, and the Debtor granted Reach a security interest in the Newton County Property as collateral for the loan. Six (6) months after the claims bar date, Reach filed the Reach POC in the Bankruptcy Case on May 11, 2017, asserting a secured claim in the amount of $1,000,000.00 and an unsecured claim in the amount of $1,356,000.00. (Bankr. Cl. 3-1). In the Trustee's Objection to Reach's POC, the Trustee asserted that the Reach POC "does not provide any documentation reflecting what payments have been made under th[e] [Loan Agreement]." (Bankr. Dkt. 136). Additionally, the Trustee alleged that Reach recorded the Loan Agreement (Reach Ex. 2) in violation of the automatic stay "to put a cloud on the title as Reach, Inc. is aware that the Trustee was in the process of selling [the Newton County Property]." (Bankr. Dkt. 136). Reach had until June 19, 2017 to respond to the Trustee's Objection to Reach's POC. While Reach filed the Motion to Continue (Bankr. Dkt. 147) on June 15, 2017, Reach did not otherwise respond to the Trustee's Objection to Reach's POC. As a result, on July 5, 2017, the Court entered the Order on

Trustee's Objection to Reach's POC and disallowed the Reach POC. (Bankr. Dkt. 158). Reach, once again, did not appeal timely the Order on Trustee's Objection to Reach's POC. As noted above, on December 21, 2017, the District Court held that it did not have jurisdiction to hear Reach's purported appeal of the Order on Trustee's Objection to Reach's POC. (Case No. 3:17-cv-00564-HSO-JCG, Dkt. 7).

As a result, the Court finds that the Order on Trustee's Objection to Reach's POC disallowing the Reach POC is a final and non-appealable order. Reach may not receive another opportunity to argue the merits of its case simply because it failed to file a responsive pleading to the Trustee's Objection to Reach's POC in a timely manner. Thus, the Court concluded at Trial that the Trustee is entitled to a judgment on partial findings pursuant to Rule 52(c) that Reach does not hold a security interest in the Newton County Property.

## Conclusion

For the above and foregoing reasons, the Court concluded at Trial that the Trustee is entitled to a judgment on partial findings pursuant to Rule 52(c) with costs assessed against Reach. The Court further concluded that the Complaint should be dismissed with prejudice. To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined they would not alter the result. A separate final judgment shall be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.

##END OF OPINION##